**Creighton E. MILLER, Administrator of the Estate of Robert A. Markiton, Plaintiff,**

v.

**AMERICAN FOREIGN S.S. CORP. et al., Defendants.**

**C.A. Nos. 1:94–CV–380, 1:94–CV–376.**

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 4, 1995.

Leonard C. Jaques, Jaques Admiralty Law Firm, Detroit, MI, for plaintiffs.

Hubert Oxford, III, Benckenstein & Oxford, Beaumont, TX, Mark A. Freeman, Walter Joshua Crawford, Jr., Wells, Peyton, Beard, Greenberg, Hunt & Crawford, Beaumont, TX, Stephen C. Dillard, Fulbright & Jaworski, Houston, TX, D. Allan Jones, Orgain Bell & Tucker, Beaumont, TX, Louis C. Woolf, Woolf McClaine Bright Allen & Carpenter, Knoxville, TN, Gail Cucancic Jenkins, Jenkins Grove & Martin, Beaumont, TX, Richard Oran Faulk, Akin Gump Strauss Hauer & Feld, Houston, TX, Alan S. Macdonald, Joseph P. Esposito, Akin Gump Strauss Hauer & Feld, Washington, DC, Robert A. Hall, Ricky Anthony Raven, Woodard Hall & Primm P.C., Houston, TX, George Michael Jamail, Bernsen, Jamail & Goodson, Beaumont, TX, and Richard C. Binzley, Thompson Hine & Flory, Cleveland, OH, for defendants.

### MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Before the court is Defendant Maritime Overseas Corporation's Motion for Summary Judgment against the estate of Robert A. Markiton. The standard for such a motion is well established.

Summary judgment is appropriate when the moving party is able to demonstrate that the pleadings, depositions, affidavits, and other appropriate evidence available to the court establish that there are no genuine issues of material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the movant meets this burden, then the non-

movant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1071 (5th Cir.1994). This court views the evidence and all factual inferences from that evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 456, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992).

Applying these standards to the summary judgment evidence on record leads this court to find the present motion meritorious. Mr. Creighton Miller represents the estates of seven deceased seamen in their suits against dozens of chemical and shipping companies. The relationship between these consolidated suits is the claim in each that Benzene was the cause of the seamen's deaths. There are both Jones' Act and product liability claims at issue in these suits.

Defendant Maritime Overseas Corporation has proven through affidavit evidence that it is not an employer of seamen. Through affidavit testimony Maritime has established that it did not own, operate, or act as a managing agent with respect to any vessel upon which Mr. Markiton sailed. Indeed, the record is clear that Maritime was not even incorporated until after Mr. Markiton's last voyage.

The Plaintiff has responded with an unauthenticated document which purports to be a Social Security earnings statement showing Maritime to have contributed on Mr. Markiton's behalf. Although one could mistakenly make the argument that this is some evidence in favor of the plaintiff, that "evidence" is nonetheless insufficient to carry plaintiff's burden of proving there to be an unresolved material issue of fact as to each element of its case.

Specifically, Mr. Creighton Miller is required to prove, as a threshold matter, that Maritime had employed Mr. Markiton as a seaman. There is no evidence in the record to establish this necessary element of the case. Instead, all the credible evidence makes clear that Maritime hired no seamen whatsoever. Furthermore, it is clear that Maritime never employed Mr. Markiton for any position and a chance data entry error explains the Social Security earnings statement anomaly. This court need not so find, however, because the non-movant has failed to present any evidence whatsoever establishing Maritime's employment of Mr. Markiton as a seaman. There can be no genuine issues of material fact if the plaintiff is unable to establish a prima facie case "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2551.

Accordingly, Maritime has established as a matter of law why it should prevail against Mr. Creighton Miller in the matter of Robert Markiton's estate. It is therefore ORDERED that Maritime Overseas Corporation's Motion for Summary Judgment be GRANTED.